Good morning, ladies and gentlemen. We have four cases on the calendar this morning. The Veterans' Appeal, two patent cases from district courts, and a government employee case. The latter is being submitted on the briefs and will therefore not be argued. The first case is the Veterans' Case, Lacey Anderson v. Justice, the Secretary of Veterans Affairs, 2013-71-11. Ms. Bonner. If it pleases the Court, Deanne Bonner on behalf of the appellant, Lacey L. Anderson. The issue before the Court today is whether the Court of Appeals for Veterans' Claims properly applied the law and acted in accordance with the law in upholding a BVA decision, which denied the veteran's request to reopen his claim with new and material evidence. The new and material evidence rule 3.159A essentially allows a veteran to reopen a claim if he had submitted evidence that was not previously before the administration, and it is not cumulative or redundant, and there's a reasonable basis that it can substantiate the claim. The Court of Appeals for Veterans' Claims decided this issue in a case called Shade v. Shinseki. All questions of new and material evidence should be decided under the umbrella of Shade v. Shinseki, which came out in 2010. Isn't the determination whether there was NME, new and material evidence, application of law to fact beyond our jurisdiction? It is not beyond this Court's jurisdiction because the question that's before this Court today is not whether the CAVC properly applied the law to its analysis of the facts, but whether it applied the proper law at all in determining whether the BVA decision made a correct denial of the reopening request. Do you agree with me, though, that in Shade, the question of whether the evidence was either cumulative or redundant was not really at issue? It was not in Shade, but it is part of... Isn't that the key question here? The key question is whether the CAVC looked at this case in the spirit of the duty to assist, which is what Shade stands for, the proposition that 3.159, which is the duty to assist, came into effect under the Veterans Claims Assistance Act in 2010. At the same time, 3.156A, which is a new material evidence rule, was amended and enacted specifically to coincide with the duty to assist, the change in the rule, which states that the VA must assist the veteran in establishing their claim. But here, the underlying determination that was made was that the evidence was cumulative and redundant. That question, which was not at issue in Shade, that is a factual determination. However, the court did not act in accordance with the law, even in that determination, because Shade also tells us that when you're making a determination regarding new material evidence, it cannot be outcome determinative. That is to say, for instance, in this case, the court specifically stated that a particular bit of evidence that was submitted regarding whether the veteran's condition was congenital, by a statement by the midwife who actually delivered him at birth. The Court of Appeals for Veterans Claims said that this evidence did not establish whether his partial paralysis is congenital. Well, that is absolutely outcome determinative. And under Shade, but it also said, and in any event, it's cumulative. However, there's another case called Forrest v. Brown, which the court did not use in its analysis, which says that evidence on the same fact is not, per se, cumulative or redundant. Two different people can contribute information about the same fact in dispute. In this case… And Forrest was from who? That's the Court of Appeals for Veterans Claims case, for Vet App 276. It's a 1993 case. That still doesn't… I don't have any problem with the concept that something might not be, per se, cumulative, but does that change the fact that what the Court of Veterans Claims here did was make a factual determination? Well, they had to address the fact that it's a numeratorial evidence claim issue. So, in order… You know, it is… They're intertwined. But I'm not asking… The appellant today is not asking this court to say whether the factual determination was proper or correct. What we're saying to the court today is that when the CAVC made this decision, they didn't do so in accordance with the law. And Shade is really the prevailing case, and what… Of course, Shade is a Veterans Court case that we're not bound by. Of course, Your Honor. That's the question when we're dealing with a question of our jurisdiction. Of course. But the Court of Appeals for Veterans Claims was, and this is the leading case on the question at the Veterans Court. So, when we're looking at questions of numeratorial evidence, it must be looked at in a pro-veteran perspective. So, that is to say that when a veteran submits numeratorial evidence… Look at a case from a pro-veteran's perspective when you have a balance of issues, determinations, when it's not clear and you should lean toward the veteran. That's not the case here on the jurisdictional question. Well, the jurisdictional question, though, is did they apply the correct law? And the law, as it stands today, the leading case is a Court of Appeals for Veterans Claims case. So far. Correct. Correct, Your Honor. Of course. That's why we are convened here today. So, when looking at this case, that is the case that the Court of Appeals for Veterans Claims should have been using in its analysis. And, in fact, it didn't. It said that the reasons and basis that the Board provided were adequate. Done. They didn't look at the numeratorial evidence in terms of whether it could substantiate the claim. They didn't look at the numeratorial evidence in terms of whether, regardless of the fact that it addressed the same point, that it's not per se redundant or cumulative. The question before them was whether this condition was congenital. And we're introducing evidence from the VA that the veteran had a stroke while he was in the service and a statement from the person who delivered him saying that he was a healthy baby and swearing that the doctor who attended said he was a healthy baby. While those are factual questions, what we must determine today is whether the Court of Appeals for Veterans Claims used the proper law, whether they acted in accordance with the law. And the opponents admit they did not when they did not address the question in the spirit of the duty to assist, when they simply said, it's on the same subject matter, therefore it's redundant. They didn't get to the question of shade, whether it could substantiate the claim. Was it really shade that you think that they didn't apply or forest that they didn't apply? What I'm saying is that all questions of numeratorial evidence have to be viewed under the umbrella of shade. That's a good metaphor, under the umbrella of shade. In the shade of the umbrella of shade, so to speak. And so whether they're analyzing law that came previous to shade or just looking at the CFR, they have to view it in the spirit of the duty to assist. And they cannot make a determination based on what the projected outcome would be, because we don't know what that is. Can I ask a question? Of course. The board, they made a fact finding that the submitted evidence was cumulative and it wasn't new material, right? Yes. And then there's the Veterans Claims Court that reviews that decision. And they review the board's fact findings for clear error. Is that right? Or are you saying that they have to reevaluate those fact findings de novo, anew, afresh? Clearly erroneous is the standard. Right. So that's a differential standard that the Veterans Claims Court applies to the Board of Veterans' Appeals. That's correct. In this case, though, it comes down to you're saying the legal error that you want us to review is that the Veterans Claims Court failed to apply this standard of a duty to assist or give the tie to the veteran in reviewing the fact findings of the board? Is that the best way to get down to the nub of your case? Yes. I think that they didn't even get to the question of whether the evidence could substantiate the claim with the VA's assistance and the duty to assist by providing a VA medical examination or opinion as to the ideology of the veteran's currently diagnosed condition. Now, in this case, though, the court was just talking about whether the board provided adequate reasons and bases for their decision. The thrust of their opinion was that because these new statements and the new medical evidence that came in have to do with subject matter that was previously submitted, that the board's reasons and bases were adequate and that they just accepted this decision because they said the board's reasons and bases were adequate. But again, given the fact that the board, the court's reasoning was outcome determinative and Shade says no, no outcome determinative when it comes to new material evidence. You have to look at it to determine whether it could substantiate the claim with the assistance of the VA under the duty to assist. We're into your rebuttal time. You can continue or save it. I will save some rebuttal time, Your Honor. Thank you. Ms. Speck. May it please the court. This court has ruled numerous times that it does not possess jurisdiction to apply law to fact. And it is the extraordinary case in which the court would review a new material evidence case. And this case is simply not an extraordinary case. Mr. Anderson disagrees with the application of law to fact. He disagrees with the conclusion that the evidence that he presented was cumulative or otherwise redundant. The Court of Appeals for Veterans Claims clearly applied the correct regulation found at 38 CFR 3.156 when it concluded that the evidence was cumulative and redundant. But isn't it true, though, that there is case law that says evidence that relates to the same topic is not per se cumulative? So, in other words, yes, it relates to they're making the same argument, but it's more evidence to support that argument. Why would that necessarily be cumulative? I'm not sure I understand the question, Your Honor. There are circumstances where evidence can be corroborative or the claim, or there can be additional evidence. For example, if he had presented additional medical evidence or if he had presented diagnostic evidence, we might be presented with a different situation. But here we have the Veterans Claims Court applying the correct law, weighing the evidence, and both the Board and the Court of Appeals for Veterans Claims carefully looked at this additional evidence. They examined Ms. Dunnington, the midwife statement. They examined his friend's statements, and they concluded that it did not add, that it was indeed repetitive of what was already in the record. Let me give you an example, an analogy. Say three people witnessed the same accident. Would you say that you're not allowed to hear from two of the witnesses because they all saw the same accident? I mean, they might have seen it from a different perspective. They might have something new to add. The fact that you've got a new perspective could be meaningful, couldn't it? It's possible that that could tip the balance, but here we don't have anything new in the record. Here we have a situation where we have quite a bit of evidence in the record that no one knows exactly whether this injury was prenatal or early infantile brain injury. We have Mr. Anderson's statement in the record from 1970 that he was healthy prior to service, his wife's statement that he was healthy prior to service. And Ms. Dunnington's statement is merely it's not expressing a new diagnosis. It's not explaining that it was congenital in the sense that it was observable prior to birth. It's merely expressing her opinion that he was a healthy baby. It's a very short declaration and doesn't, it's indeed, as the court properly concluded, redundant of what information is in the record. Can corroborative lay evidence be new and material evidence, theoretically? The court looked at this, the Veterans Claims Court looked at this somewhat, and it suggested that there had been, under the Jandro line of cases, it was possible that lay evidence could be corroborative in certain circumstances and concluded that here it was not because she didn't talk. The evidence here is her observation that he was a healthy baby. It didn't really get into the etiology or the diagnosis of whether it was congenital or an early injury brain defect. There isn't a rule down in the Veterans Claims Court that says that corroborative lay evidence can never be new and material. The Veterans Court, at least in this case, seemed to indicate that it was possible that it disagreed that this was the case where that could be found. That was on page, I believe, three, not page four. And the problem with that hint at a possibility is that we've said repeatedly that lay evidence is material to medical diagnosis, haven't we? I can't say with certainty, Your Honor. I trust that you're correct on this. Okay. But even so, that's fact. Yes, Your Honor. It is an application of law to fact, and that is the case here. Whether or not the Veterans Court weighed those facts correctly, and we submit that they did. If the court has no further questions, we respectfully request that the court dismiss this case for lack of jurisdiction or otherwise uphold the decision of the Court of Appeals for Veterans Claims. Thank you, counsel. Ms. Bonner has a little rebuttal time, four minutes or so. Thank you, Your Honor. To answer the court's question with respect to whether the Court of Appeals for Veterans Claims has specifically addressed the question of lay statements as new and material evidence, Fortock v. Principi, 17.173, specifically held that lay statements by themselves can constitute new and material evidence. And I would disagree with the characterization of the decision in this case with respect to lay evidence. From Appellee's perspective, the court suggested that it may be possible. In fact, the court held that the portion of the BVA decision that said medical evidence was necessary was wrong, and that lay evidence absolutely can be new and material evidence. They did go on then to do the analysis, which we've already discussed, with respect to the outcome determinative conclusion that because this particular statement could not show that his condition was absolutely not congenital, that it wasn't sufficient to reopen the claim. However, under the duty to assist, what we need is a VA medical examination or opinion if the question of the veteran's medical condition is at issue and there's not enough evidence in the record, then 3.159C says that we must get a medical examination. And 3.156A says that if the evidence that's before the administration has the possibility of substantiating the claim, then the duty to assist is triggered, and under Shade, the submission of new and material evidence and that whole decision should be looked at. The case VA, excuse me, the CAVC in Shade specifically said that we need to be pro-veteran in that analysis and made a point of citing to the VA interpreted the new statute to mean that when you're determining whether new and material evidence is sufficient, that it's a reasonable possibility that VA assistance would help substantiate the claim in determining whether a claim is to be reopened. So that is why Shade is so informative on the subject of how the duty to assist affects the new and material evidence analysis. And merely having a question of new and material evidence before the court does not mean that we're asking the court to make a factual determination or to review the law as it was applied to the facts in the court below. The appellant's position, of course, is that this honorable court does have jurisdiction because what we're asking the court to determine is not whether the application was correct, but whether the decision was made in accordance with law. And it's the appellant's position that it was not because the court, A, did not make a proper determination with respect to the lay statements being cumulative and redundant under Forrest and that the entire analysis should have been made under Shade versus Shinseki, which held that the duty to assist should be the prevailing spirit of the analysis in a new and material evidence request to reopen. With that, the appellant submits that this case should be remanded and that the court, the Federal Circuit, would sign in favor of the appellant's appeal. Thank you. Ms. Parnell will take the case under review. Thank you.